IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WILLIE LEE WILLIAMS, #61691**                                      **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 2:08-cv-215-KS-MTP**

**DISTRICT ATTORNEY OF MARION COUNTY AND**
**PRESIDING JUSTICE**                                    **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Williams, an inmate currently incarcerated in the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this civil rights complaint under 42 U.S.C. § 1983. The named Defendants are District Attorney of Marion County and Presiding Justice. Upon consideration of Plaintiff's complaint, the Court has reached the following conclusions.

<u>Background</u>

Plaintiff asserts that his state criminal case was affirmed in part and reversed in part by the Supreme Court of Mississippi. The Mississippi Supreme Court held that Plaintiff's sentence and conviction were improperly enhanced and remanded Plaintiff's state criminal case for re-sentencing at the trial court level. Plaintiff claims as a result his indictment should be resubmitted to the grand jury because it was defective in his interpretation of the Mississippi Supreme Court finding. Plaintiff asserts that the court, which this Court construes as the Defendants, should have remedied the improper indictment and resubmitted it to the grand jury. As relief, Plaintiff requests monetary damages.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994).  "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  As discussed below, Plaintiff cannot maintain this

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune
        from such relief.

action pursuant to 42 U.S.C. § 1983 against the named Defendants.

## Defendants

As to Defendant Presiding Justice, in order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution and the laws of the United States and that the person depriving Plaintiff of this right acted under color of any statute of the State. *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988). However, judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993). The Supreme Court has held that "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth,* 472 U.S. 511, 525 (1985). Therefore, it has been held that immunity is a threshold question, which should be resolved as early in the proceedings as possible. *See Siegert v. Gilley,* 500 U.S. 226, 231-33 (1991). "Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)), *cert. denied*, 474 U.S. 1101 (1986).

Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Forrester v. White*, 484 U.S. 219, 220-21 (1988). The allegations of this complaint against Defendant Presiding Justice demonstrate that he was acting within his judicial discretion when he remanded the Plaintiff's case back to the trial court. It is clearly established law that a judge is absolutely immune from damages under these circumstances. *See Stump v. Sparkman*, 435 U.S. 349 (1978).

Likewise, Defendant District Attorney of Marion County as a District Attorney is absolutely immune from these claims for monetary damages. Absolute immunity extends to prosecutors who are performing prosecutorial acts. *Imbler v. Pachtman*, 424 U.S. 409 (1976). "[I]mmunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). Plaintiff fails to provide any facts to establish that Defendant District Attorney of Marion County's action or inaction is not directly related to prosecuting the criminal case against Plaintiff. Accordingly, for the reasons stated herein, Plaintiff cannot maintain this action pursuant to § 1983 against the named Defendants.

Claims

Further, this Court must decide whether Plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (*citing Cook v. Texas Dept. of Crim. Just. Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994)). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Id.* (*citing Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)). When a state prisoner is challenging the fact or duration of his confinement, his exclusive remedy is a petition for habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). A pre-trial petitioner challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220,

4

224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987).  If this Court grants the requested relief, it could result in Plaintiff receiving an early release from custody.  Plaintiff must first pursue his request for his immediate release by filing a petition for habeas corpus relief.

Before Plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. *Id.* at 225;  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983).  Since Plaintiff does not allege that he has presented this claim to the Mississippi Supreme Court, he has not yet satisfied the exhaustion requirement for habeas relief.[2]  Therefore the portion of Plaintiff's complaint requesting his immediate release will not be liberally construed as a petition for habeas corpus relief and will be dismissed.

To the extent Plaintiff is seeking monetary damages, this Court finds that Plaintiff's claims are precluded by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), in addition to Defendants' immunity.  In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges Plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983.  The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the

---

[2] Plaintiff states that he filed a motion to modify and correct on May 30, 2008 and a motion to expedite on July 9, 2008 in the state court which is still pending. [1, p. 4]

> invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnotes omitted) (emphasis added); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in Plaintiff's favor and determine that his constitutional rights were violated by the Defendants alleged actions, it would necessarily imply the invalidity of his current conviction and imprisonment. Thus, Plaintiff's claims for monetary damages are barred by *Heck v. Humphrey*, at this time. In addition, the Plaintiff has failed to demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id* at 487. Therefore, this cause of action filed pursuant to § 1983 will be dismissed.

## Conclusion

As discussed above, Plaintiff's claims against Defendants District Attorney of Marion County and Presiding Justice will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), without prejudice. Plaintiff's claims relating the invalidity of his conviction and sentence will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted, with prejudice. To the extent Plaintiff is seeking habeas relief his claims are dismissed without prejudice.

## Three-strikes provision

Since this case shall be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) it will

counted as a "strike".[3]  If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 24th day of November, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[3]Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."